(No. 79-CC-0779—

STANLEY J. CARROLL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 26, 1982.*

STANLEY J. CARROLL, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This cause coming on to be heard on the motions to dismiss filed by the Respondent, due notice having been given and the Court being advised;

This is a claim by a State employee for back salary, specifically temporary assignment pay. The motion to dismiss states that temporary assignment pay is not covered in either the rules of the Department of Personnel or the pay plan. The claim is made pursuant to Article XV of Collective Bargaining Agreement RC-14, effective July 1, 1977, through June 30, 1979. Said contract was not

attached to the complaint, nor was there a statement as to why it was not attached to the complaint as required by the Civil Practice Act. Respondent did not supply the Court with the contract either but did file with the departmental report a copy of the Department's interpretation of the provision at issue. Although it does not come within the purview of Rule 14 of the Rules of the Court of Claims, we think it should be part of the record.

In pertinent part the interpretation explains as follows:

"Finally, temporary assignment pay is to be granted only for hours worked, and not paid time off. For example, if a Clerk II is receiving temporary assignment pay as a Clerk III, and a holiday falls on his/her regularly scheduled work day, that holiday would be paid the Clerk II's normal base rate, and not at the Clerk III rate. This would apply also to sick days, vacation time, and other authorized paid days off. However, if that same employee was scheduled to and did work on a holiday during the temporary assignment period as a Clerk III, any subsequent 'comp day' used as equivalent holiday time off would be paid at the Clerk III rate. The same approach would be used for compensating compensatory time off earned as a result of overtime in a higher level classification while on a temporary assignment."

The Claimant was on temporary assignment from a Computer Production Controller I to a Computer Production Controller III while another employee was on leave of absence. Having already been paid at the lower rate for vacation days and personal leave days, he now seeks the difference between the lower rate and the higher rate of the Computer Production Controller III position. In resolving this matter, it appears from the grievance report of the Department of Personnel (submitted as part of the departmental report) that he went through steps Nos. 1, 2, and 3 of the grievance procedure. Then the grievance went to the Department of Personnel, Bureau of Employee and Labor Relations where it was decided to pay one-half of the amount sought by the Claimant "in lieu of arbitration of the subject matter."

By its first motion to dismiss, Respondent seeks to have the Court deny the claim because it allegedly is improper based upon the interpretive bulletin quoted above. However, it was the same Department of Personnel, Bureau of Employee and Labor Relations which both wrote the interpretive bulletin *and* decided Claimant should be paid at one-half of what he is seeking. No explanation for its change of position on the issue was offered, except that the decision was arrived at "in lieu of arbitration." Both the interpretive bulletin and letter notifying the Department of Revenue were under the name of the same person, Peter D. Vallone.

The RC-14 contract, out of which this claim arises, provides for an ultimate decision to be arrived at by final and binding arbitration. As we have previously held, binding arbitration of State employee grievances is illegal. However, the grievance herein did not reach that level. We know of no authority granted to the Bureau of Employee and Labor Relations to make a determination of this type. The rules of the Department of Personnel provide that the director has that authority. Lacking the authority to make such a determination, the decision of the Bureau of Employee and Labor Relations is void.

Therefore, we must turn to the decision at the immediately preceding level which was in accordance with the interpretive bulletin and denied Claimant the relief sought. Therefore we deny this claim.